McKinney, J.,
delivered the opinion of the Court.
This ivas an action of debt, on simple contract, brought by McCall against the company. Judgment for the plaintiff, and an appeal in error to this Court by the defendant.
The single question presented for our determination is, whether or not the company is bound by the act of its general agent, in accepting a bill drawn by Best & Co., on the defendant, in favor of McCall, upon the following state of facts.
The Sowanee Mining Company was incorporated by an act of the General Assembly, with authority to construct a railroad on the Cumberland Mountain leading to its coalmines. Best A Co., were employed as contractors to build said road; a,nd while engaged in the performance of the work, they became indebted to McCall in the sum of $1060.90, for tools and materials furnished to them, by him, and used in the construction of the road. In discharge of this debt, Best & Co., on the 13th of October, 1857, drew a bill on the Scwan.ee Mining Company in favor of McCall, which was accepted by Backus, as general agent of said company, in the absence of the President.
The proof shows that the stockholders, directors, and officers of the company are non-residents ; that, in the absence of the President, Backus acted as its genearl agent; that lie *621 was also chief engineer of the company ; that he had authority to draw on 8. E. Tracy, as President of the company, but was instructed not to draw except in case of necessity ; but that lie had no special authority to accept drafts or bills drawn on the company; and that he accepted the bill in question in the absence of the President at New York, because McCall threatened to attach the effects of Best & Co., on the road, for the satisfaction of his debt, which would have stopped the work, and have been disastrous to the interests of tho road, and he thought it the best course he could take for the interest of the company, under the circumstances, to accept the bill, so that the work might go on.
The proof tends to establish that at the time of the acceptance of said bill, the Sewanee Company would probably have been found indebted to Best & Co., in a “ small amount,” if their account had been settled then ; but that at the time of the institution of this suit, no such indebtedness existed. It appears that Tracy, the President of the Company, remained absent from Tennessee until February, 1858, and that, on his return, he disavowed and repudiated the act of the agent in accepting said bill, of which act it docs not appear that he liad any notice, until after his return.
The Circuit Judge instructed tho jury, in substance, that the acceptance of the bill, under the circumstances would bind the company.
The authorities to which we have been referred, do not, in our judgment, support the charge of liis honor. The weight of authority, we think, clearly establishes the reverse of tho proposition stated in the charge, to be the law. In Byles on Bills, 22, marg., it is distinctly laid down that “ general authorities to transact business, and to receive and discharge debts, do not confer upon an agent the power of accepting or endorsing bills, so as to charge his principal.” And for this numerous authorities are cited in the note. This author also asserts the principle that “ special authorities to accept or endorse bills are construed strictly.” Ibid. The same doctrine is substantially maintained in Story on Agency, secs. *622 62, 63, 64, 66, 67, where several cases are referred to and commented on.
The power to accept bills, so as to charge the principal, is one of too much importance, and too liable to be abused, to be held to exist, unless it bo given in terms, or bo manifestly proper and necessary to effectuate the purposes of the agency.
In the present case, ll-.o power cannot be implied, as incidental to the authority conferred on the agent; because it was not within the scope of the authority given ; it was not a necessary or usual means of executing the authority.
Nor does it fall within that class of cases of extraordinary emergency, or overruling necessity, in which, from tho very necessities of the case, an agent is justified in a deviation from the authority conferred on him. See Story on Agency, secs. 85, 141, 194, 208.
It is clear that, under the circumstances, the agent would not have been authorized to accept a bill, even in discharge of a debt due from the principal ; much less could he do so in discharge of a debt from a third person, for which the principal was not legally liable.
Judgment reversed.